UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>-against-<br><br>PERCELL LIEBERT,<br><br>                Defendant. | 9 Cr. 192 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Percell Leibert's request for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A). For the reasons set forth below, the motion is denied.

    I.    FACTUAL BACKGROUND

    On November 26, 2007, Leibert was convicted of being a felon in possession of a firearm. After serving his term of 84 months' imprisonment, Leibert began serving three years of supervised release. Since his release, Leibert has violated supervised release three times. First, in December 2016, Leibert admitted to the specifications of committing a criminal offense— domestic violence—and absconding from the Probation Department. After a period in state custody, this Court sentenced him to time served plus an additional term of supervised release. Second, Leibert failed to report to the Probation Department and was later arrested by the U.S. Marshals Service. In April 2018, Leibert admitted to failing to report to his probation officer for which the Court

sentenced Leibert to one-year imprisonment with the last three months to be served in a halfway house. And third and most recently, in September 2019, Leibert admitted to using cocaine and marijuana. While awaiting sentencing on this third violation, this Court permitted Leibert to enroll in an inpatient treatment program. In spite of the Court's leniency, Leibert absconded from the program quickly thereafter. Several days later, Leibert appeared for a meeting with his probation officer and was arrested. Ultimately, the Court sentenced Leibert to 13 months' imprisonment with no period of supervised release to follow. Leibert is set to be released October 9, 2020.

On or about April 16, 2020, counsel for Defendant wrote the Warden of the MCC seeking release to home confinement, noting that Defendant had "been afflicted by asthma during times in his life." On May 19, the Defendant filed the present motion.

II.  APPLICABLE LAW

Under Section 3582, the Court only "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." See 18 U.S.C. § 3582(c)(1)(A); see also 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements

regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The relevant Sentencing Commission policy statement is found in U.S.S.G. § 1B1.13. That section provides that the Court may reduce the term of imprisonment if "extraordinary and compelling reasons warrant the reduction," U.S.S.G. § 1B1.13(1)(A); "the Defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

The Application Notes describe the circumstances under which "extraordinary and compelling reasons exist." Id. § 1B1.13 Application Note 1. As the proponent of the motion, the Defendant bears the burden of proving that "extraordinary and compelling reasons" exist. See, e.g., United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue."); United States v. Clarke, No. 09 Cr, 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010) ("If the Defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."

3

(quoting Butler, 970 F.2d at 1026)); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

### III. DISCUSSION

First, Defendant has not identified an "extraordinary and compelling" reason for release.  He is 36 years old, not within the most vulnerable age groups for COVID-19.  Although he has "been afflicted with asthma during periods of his life," the Government reports that Defendant's MCC medical records reflect no recent episodes of asthma or any asthma medication.  Thus, Defendant's health condition does not pose any particular vulnerability to the virus.  In addition, as the Government points out in its papers, the MCC has undertaken numerous measures to mitigate the spread of the virus in the institution.

In addition, Defendant has not provided any detail as to his proposed living conditions, if he were released, that would permit the Court to determine if he would be safer in the institution or released.  For example, Defendant does not provide detail about persons in the proposed home, the type of building and its regulations to mitigate spread of the virus, Defendant's employment and any precautions at the place of employment, and the like.  Thus, the Court finds that the Defendant has not identified an "extraordinary and compelling" reason warranting release.

Second, even if the Defendant had provided such a reason, the section 3553(a) factors, particularly the danger to the community

4

and instilling respect for the law, counsel against release.  As noted above, Defendant has a long history of non-compliance with Court-ordered conditions of release.  Defendant has absconded from supervision on three separate occasions, on two of which law enforcement had to go out to arrest him.  Under current conditions, if Defendant repeated that conduct, sending officers out into the community to arrest him would put them at high risk of infection.

In addition, Defendant's prior history of domestic violence suggests a substantial risk in releasing him under current conditions.  Because of Defendant's lengthy history of violating the conditions of his release, this is an unacceptable risk.

Finally, the need to instill respect for the law counsels against releasing this defendant early.  Defendant's having absconded from supervision three times requires that he serve his full sentence.

IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release pursuant to 19 U.S.C. Section 3582(c)(1)(A) [dkt. no. 107] is denied.

**SO ORDERED.**

Dated:   New York, New York
         June 22, 2020

_____
LORETTA A. PRESKA
Senior United States District Judge